IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERALD MORRISON,
    Plaintiff,

vs.                                                Case No.:  4:05cv172/MMP/EMT

FLORIDA DEPARTMENT OF CORRECTIONS,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 20).  Leave to proceed in forma pauperis has been granted (Doc. 3).

        Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, 109 S. Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed only if it appears beyond doubt that

Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal of Plaintiff's claim is warranted.

Plaintiff names the Florida Department of Corrections (DOC) as the sole Defendant in this action (Doc. 20 at 1, 2). Plaintiff claims that Defendant violated the Ex Post Facto Clause, as well as his right to due process and equal protection (*id.* at 9–10).

Plaintiff asserts that on March 16, 1988, he was sentenced to fifteen years in the DOC for offenses that allegedly occurred in 1987 (*id.* at 7).[1] Upon entering the DOC in 1988, Plaintiff was awarded 1,800 days of "basic gain time early release credits," and his "maximum tentative release date" was set for some time in 1997 (*id.*). Shortly thereafter, Defendant "under the authoritative position of Harry K. Singletary, Jr. . . . erroneously implemented into law, a gain time statute . . . that unlawful[ly]" cancelled and/or eliminated Plaintiff's previously awarded gain time (*id.*). Plaintiff contends that the statute, which permitted revocation of gain time on the basis of disciplinary infractions, was applied retroactively and, therefore, violated the Ex Post Facto Clause (*id.* at 7, 9). Plaintiff alleges he challenged the new statute by filing grievances, but DOC Secretary Harry Singletary and his successor, Micheal Moore, denied the grievances (*id.* at 8). Plaintiff contends that both Singletary and Moore "failed to rightfully establish and implement laws, rules and regulations governing policies and institutional procedures that would entail [Defendant] to provide a safe mechanism toward the granting and implementation of the gain time principle" (*id.*).

Plaintiff alleges that the Defendant's policies "subjected Plaintiff to numerous arbitrary . . . vindictive, fraudulent, [and] improper disciplinary proceedings" from May 1988 through May 2001 and resulted in the loss of Plaintiff's "already accrued" gain time (*id.* at 8–9). As relief, Plaintiff seeks a declaratory judgment that Defendants violated the Florida Constitution, the United States Constitution, and Florida law; compensatory and punitive damages; and "such other relief as it may deem necessary toward the proper administration and interest of justice" (*id.* at 11).

---

[1] All facts are derived from the Statement of Facts section of Plaintiff's second amended complaint (Doc. 20 at 7–10).

Case No.: 4:05cv172/MMP/EMT

As Plaintiff was previously advised (*see* Doc. 19), his claims are without merit and subject to dismissal. First, regarding Plaintiff's ex post facto challenge, in Weaver v. Graham, 450 U.S. 24, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981), the Supreme Court was faced with legislative alterations to the method by which the Florida DOC calculated gain time. Under a 1963 Florida statute, basic gain time was awarded to inmates who committed no infractions of the rules or laws of the state and who "has performed in a faithful, diligent, industrious, orderly, and peaceful manner, the work, duties, and tasks assigned to him" as follows: five (5) days per month off the first and second years of his sentence; ten (10) days per month off the third and fourth years of his sentence; and fifteen (15) days per month off the fifth and all succeeding years of his sentence. Act of May 31, 1963, ch. 243, § 1, 1963 Fla. Laws 547, 548 (codified, as amended, at Fla. Stat. § 944.27(1) (1963-1977)). In 1978, the 5-10-15 day scheme was changed to a 3-6-9 day scheme, and a Florida prisoner challenged the constitutionality of the 1978 gain time provision, claiming that the law was ex post facto as applied to individuals such as himself who committed offenses before the effective date of the 1978 Act. The Court agreed, concluding that "the new provision constricts the inmate's opportunity to earn early release, and thereby makes more onerous the punishment for crimes committed before its enactment. This result runs afoul of the prohibition against ex post facto laws." Weaver, 450 U.S. at 35–36 (footnote omitted). The Eleventh Circuit later reached a similar result, finding that a 1983 Florida statute which altered the amount and calculation of gain time constituted an unconstitutional ex post facto law as applied to prisoners who were convicted of offenses that occurred prior to the statute's passage. Raske v. Martinez, 876 F.2d 1496 (11th Cir. 1989). In Raske, an amendment to the gain time statute that increased the amount of available "basic" gain time (i.e., gain time awarded "simply for avoiding disciplinary infractions and performing his assigned tasks," Weaver, 450 U.S. at 35), but decreased the amount of potential "incentive" gain time (i.e., gain time awarded if a prisoner has diligently participated in positive activities, such as institutional labor, vocational training, academic studies, or other rehabilitative programs, Raske, 876 F.2d at 1500 n.11) constituted an unconstitutional ex post facto law as applied to an inmate whose crime occurred before the statute's passage. The Eleventh Circuit directed that the State of Florida must "apply, if possible, the law in place when [an inmate's] crime occurred." Raske, 976 F.2d at 1502 n.19 (citing Weaver, 450 U.S. at 36 n.22).

In the instant case, Plaintiff alleges that his crime occurred in 1987. He further alleges that a statute was enacted in 1988 permitting forfeiture of gain time as a result of disciplinary infractions; thus, applying such a law to him violates the Ex Post Facto Clause. However, it was in 1983 that the Florida gain time statute was modified, in pertinent part, to provide as follows: "(5) When a prisoner is found guilty of an infraction of the laws of this state or the rules of the department, gain-time may be forfeited according to law." Correctional Reform Act of 1983, ch. 131, § 8, 1983 Fla. Laws 442, 442-43 (codified at Fla. Stat. § 944.275 (1987)). Thus, no ex post facto violation exists, as the DOC had the ability to forfeit gain time for violations of DOC rules prior to the date of Plaintiff's offense. The Supreme Court has held that "two critical conditions must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Weaver, 450 U.S. at 29 (footnotes omitted). Plaintiff has not satisfied the Weaver conditions; therefore, his claim is subject to dismissal.

To the extent Plaintiff contends Defendant's conduct violates the Due Process Clause in addition to the Ex Post Facto Clause, he cannot state a due process violation. If a constitutional claim is covered by a specific constitutional provision, such as the prohibition against passing an ex post facto law (U.S. Const., Art. I, § 10, cl.1), the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. *See* County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S. Ct. 1708, 1715, 140 L. Ed. 2d 1043 (1998) (citations omitted). Thus, substantive due process analysis is inappropriate if Plaintiff's claims are covered by another constitutional provision. *Id.* In the instant case, Plaintiff's claims are covered by the Ex Post Facto Clause; therefore, his due process claim is subject to dismissal.

As to Plaintiff's equal protection challenge, Plaintiff has failed to state a claim. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendant acted with the intent to

discriminate against him.  *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987).

In the instant case, although Plaintiff has alleged that the DOC "arbitrarily and potentially vindictively treated Plaintiff differently from other similar [sic] situated inmates that received their full amount of basic, incentive, administrative gain time and provisional credits:  in view of the proper implementation of gain time" (Doc. 20 at 10), he has failed to allege any facts in support of his claim.  Plaintiff states that his gain time was revoked as the result of numerous disciplinary proceedings over the course of thirteen years (*see id.* at 8–9), but he has failed to identify any other inmate similarly situated to him.  Moreover, Plaintiff has not alleged, nor do the facts suggest, that the disciplinary proceedings and resulting loss of gain time occurred because of a discriminatory intent by Defendant.  Therefore, Plaintiff has failed state a cognizable claim based on a violation of the Equal Protection Clause.

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 13th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon**

**the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**